## DE LISLE v. HIATT, Warden.

### No. 167.

District Court, M. D. Pennsylvania.

March 29, 1944.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for William H. Hiatt, warden.

Frank E. De Lisle, pro se.

JOHNSON, District Judge.

This is a petition for writ of habeas corpus filed in this court by Frank E. De Lisle seeking release from imprisonment in the United States Penitentiary at Lewisburg, within the Middle District of Pennsylvania. Sentence was imposed upon the petitioner in the United States District Court for the District of Maine for a violation of Title 18 U.S.C.A. § 334, mailing obscene matter. His contention is that he was coerced and misled into signing a plea of guilty; was refused the right to have counsel to represent him; was not properly advised as to his right to counsel and that he was induced to sign a "plea" by "false pretense and fraud". Upon the hearing had in these proceedings, the petitioner testified orally in his own behalf. The respondent introduced in evidence the transcript of the proceedings in the trial court and the depositions of the United States Attorney and the Chief Probation Officer for the District of Maine. The testimony of the respondent's witnesses shows a clear recollection of what took place in the trial Court. The petitioner was sentenced in the District Court of Maine on September 29, 1943. On the same day and prior to his being arraigned, he was interviewed by the Chief Probation Officer and signed in the presence of the Chief Probation Officer a "Statement by Defendant" which is a part of the record of the trial court and in which statement he stated that he had no attorney, that he understood that the court would appoint an attorney to represent him if he desired it, but that he did not desire it, and that the contents of the indictment and the charges against him had been fully explained to him and that he did not desire the indictment to be read to him in full. It appears that while this conference was in progress, the United States Attorney personally joined therein and discussed the matter with the defendant and the Chief Probation Officer and advised the defendant that the stipulation or statement by defendant which he had signed would be disregarded and a jury drawn for a trial if he desired it. He further advised him that an attorney would be appointed by the court without cost to him if that was his desire. This is confirmed by the testimony of the Chief Probation Officer who also had prior thereto fully advised the petitioner as to the charges against him, as well as to his right to counsel, and petitioner expressed his desire to waive counsel and enter a plea of guilty. It appears further that petitioner, when taken into court and arraigned, was again fully advised by the court, and the court stated to the petitioner that the

charge was a serious one and the court desired to make certain that the petitioner was fully aware of his rights to a jury trial and to counsel. The petitioner again indicated that he did not desire counsel and entered a plea of guilty.

Under all of these circumstances, this court finds that the petitioner's rights were fully protected, that he was fully advised of his right to a trial by jury, and of his right to counsel.

It must be concluded that he voluntarily waived his right to counsel and voluntarily entered his plea of guilty after having been fully apprised of the charges against him. Under the circumstances, it must be held that the petitioner has not sustained the allegations of his petition and the rule to show cause is accordingly discharged and the petition for writ of habeas corpus dismissed.